Robert Benedict, attorney for the creditors, Tupper & Beattie; and Mr. Sanford, for the bankrupt, who does not appear, presents and files the following written objection to interrogatories proposed on the 19th nunc pro tunc: "In the Matter of Charles G. Patterson, a Bankrupt. Upon examination of bankrupt before Mr. Register Dwight, upon motion made under 26th section of the act [of 1867 (14 Stat. 529)]. To the 48th and 49th questions proposed to the bankrupt, he objects, through B. Sanford, one of his attorneys, for that in matter of law the examining creditors had no right to inquire of the bankrupt as to any property in his possession and acquired after the commencement of the proceedings in bankruptcy under which the examination is had, or if they have any right, the same has been exhausted under the preceding interrogatories answered by the bankrupt. B. Sanford, Attorney for Bankrupt,"—and requested the register to adjourn the question into court as an issue of law to be decided by the judge under section 4 of the act. And the register declined to adjourn the question into court, inasmuch as the court has directed in the Case of Levy, Bankrupt, that the examination of bankrupts shall proceed without delay till the same be finished. And the register overrules the objection raised, without argument, and allows the questions.

And Mr. Benedict requests the register to certify to the judge for his opinion, under the 6th section of the act, the following question: "I request the register to certify to the judge the question whether the objection raised by the counsel for the bankrupt to 48th and 49th questions are valid, or whether the register was correct in admitting those questions. R. L. Benedict, of Counsel for Creditors. October 24, 1867,"—which request is hereby granted, and the above facts and questions are submitted to the decision of his honor the judge.

In my opinion the creditor has the right to ask, and the bankrupt must answer the 48th and 49th questions, for the 26th section of the act, by its general terms, clearly means, I think, to allow the fullest examination of the bankrupt. And furthermore, it is my opinion that the direction of the court in the Case of Levy, covers all such examinations as this; and that objections to questions do not raise such points or issues of law as to entitle the register to adjourn the case into court under the 4th section. If any objection raised to a question should be considered an issue of law, justifying an adjournment under the 4th section, examinations might be prolonged interminably and the real object of the same defeated.

BLATCHFORD, District Judge. It is impossible in the foregoing statement to determine whether the objections raised by the counsel for the bankrupt to the 48th and 49th questions are valid, or whether the register was correct in admitting those questions, for the reason that it does not appear whether the $5,000 inquired about was in fact property acquired by the bankrupt after the commencement of the proceedings. The register, however, would not in any event have power to decide on the validity of the objections or on the admissibility of the questions. See decisions of this date in Case of Levy [Case No. 8,296], and in Case of Charles G. Patterson [Id. 10,815].

The clerk will certify this decision to the register, James F. Dwight, Esq.

[For collateral proceedings in this litigation, see note to Case No. 10,814.]

## Case No. 10,819.

### In re PATTERSON.

[See Case No. 10,815.]

## Case No. 10,820.

### In re PATTERSON.

[1 N. B. R. 161; [1] Bankr. Reg. Supp. 35.]

District Court, S. D. New York. Nov. 11, 1867.

BANKRUPTCY — EXAMINATION OF BANKRUPT — REFUSAL OF BANKRUPT TO ANSWER—CERTIFICATE.

Where a question was put to the bankrupt under examination which he refused to answer, *held*, no decision could be given as to the question raised, because the certificate did not disclose what interrogatories preceded the one which witness refused to answer.

By JAMES F. DWIGHT, Register:

Facts: The bankrupt [Charles G. Patterson] being duly under examination, was asked this question by Mr. Benedict, counsel for the creditors, Tupper & Beattie: "Q. 128. Have you since that time, a year ago, and before the commencement of these proceedings in bankruptcy, lost any part of your property in gaming? Answer. Under advice of my counsel I decline answering the question, for the reason that so far as the question relates to time antecedent to the passage of the act [of 1867 (14 Stat. 517)], the question is incompetent, immaterial, and irrelevant, and not within the scope of the examination warranted under the twenty-sixth section of the act." And the register overruled the objection, and directed the question to be answered. And the bankrupt, under advice of his counsel, declined so to do until so ordered by the judge. Whereupon Mr. Benedict prayed that the question might be certified to the judge for his decision thereon.

For the same reason set forth at length in the question certified to his honor the judge, on the 30th of October, I think the question a proper one, and that the bankrupt should be directed to answer it. [Case No. 10,816.] The decision of the judge on the question

1 [Reprinted from 1 N. B. R. 161, by permission.]